In re:   Kenneth J. LANG, Sr., Debtor.

Helene J. LANG, Plaintiff,

v.

Kenneth J. LANG, Sr., Defendant.

Bankruptcy No. 87–03416–BKC–TCB.
Adv. No. 88–0234–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 25, 1988.

---

Kenneth S. Rappaport, P.A., Boca Raton, Fla., for plaintiff.

Jerald Goldstein, Boca Raton, Fla., for defendant.

Irving E. Gennet, Boca Raton, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff ex-wife seeks exception from discharge under 11 U.S.C. § 523(a)(5)[1] for her claim of $45,600. The debtor has answered and the matter was tried on July 12. I agree with

The Settlement Agreement of September 10, 1986, incorporated in the November 19, 1986 divorce decree, contains an explicit, irrevocable waiver of alimony and support by plaintiff.

In addition to dividing some personal effects, including two cars, and providing an escrow account to pay for some joint bills, the Agreement deals with two corporations: Lang Design Group and Lang Interiors Group. He got the first and she got the second. With reference to the first, Design Group, the Agreement provides that:

> "As and for consideration for said transfer, the Husband agrees to pay the wife the sum of $1,900 per month for a period of two years or 24 consecutive months, the first payment being due [September 25, 1986]."[2]

Plaintiff now claims that the quoted provision was in fact alimony. She points to some bankruptcy court decisions which discuss indicia helpful in determining whether separating spouses intended money payments to be alimony payments or the division of family property. These indicia are useful only when the actual intent of the parties is unclear. They do not displace the parties' intent. In this instance, the actual intent of the parties is clear as a bell.

The terms of the Agreement are clear and unambiguous with respect to this point. The Agreement was drafted by the plaintiff's attorney. She admits that the Agreement was explained to her by her attorney and that she understood it. The debtor had no attorney.

Alimony was never discussed between them and no court would have awarded her $22,800 alimony. I do not believe that any

1. This subsection excepts from discharge: "any debt … (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree … or property settlement agreement, but not to the extent that … (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

2. The Agreement further provides a credit to him against the $1,900 payments for business he refers to her corporation. That credit is 30% of the referrals. However, she can offset up to one-half the 30%:

"in the form of a consulting fee with a guarantee of $1,200 to be paid on account for HELENE JAYNE LANG."
Finally, the Agreement provides that:
"If at any time prior to the two year period stated herein, the Wife remarries or resides with a male person, the *above stated consulting fee of $1,900* shall immediately terminate." (Emphasis added).
The underscored words are ambiguous. The "consulting fee" is 15% of the referrals. The $1,900 is "consideration for said transfer"—her transfer to him of all stock in Design Group. I resolve that ambiguity against her, as the party who prepared the Agreement, and find that the consulting fee, not the $1,900 terminates upon her remarriage or cohabitation.

court would have awarded her any alimony. He would never have agreed to pay any alimony. She agreed to assume her own legal expense.

They had been married four and a half years. There were three children by previous marriage, but none of this marriage. She receives child support from her previous spouse. They are young and both enjoy good health. She concedes that their educational backgrounds are comparable.

Each party was self-supporting when they married. The year they separated, his tax return showed taxable income of $15,-000 and hers showed $8,000, with all their living expenses charged to his corporation. Neither party was dependant upon support from the other when they separated.

In order to shield the business from a possible IRS claim against his daughter, he transferred all his business stock to her. The second corporation, entirely in her name, was created later, during the month they broke up.

When they married, she was a waitress and he, with his mother, owned and operated a residential designer business. He could not balance his own check book and she very capably took over the business management. She estimates her contribution to the business to be one-third. She was at least as able to and as successful in protecting her interest as he was in protecting his. I think she did very well.

I find that plaintiff has failed to carry her burden of showing that the debt owed her is for alimony, maintenance or support. It is, therefore, dischargeable. As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice and costs may be taxed on motion.